IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

| | |
|---|---|
| THOMAS GREEN<br>10830 Scranton Woods Trail<br>Newbury, Ohio 44065<br><br>and<br><br>VALERIE GREEN<br>10830 Scranton Woods Trail<br>Newbury, Ohio 44065<br><br>    Plaintiffs,<br><br>vs.<br><br>ALLSTATE INDEMNITY COMPANY<br>AKA ALLSTATE FIRE AND CASUALTY<br>INSURANCE COMPANY<br>AKA ALLSTATE INSURNACE COMPANY<br>AKA ALLSTATE PROPERTY AND<br>CASUALTY INSURANCE COMPANY<br>AKA ALLSTATE VEHICLE AND<br>PROPERTY INSURANCE COMPANY<br>AKA ALLSTATE ASSURANCE COMPANY<br>AKA ALLSTATE NORTHBROOK<br>INDEMNITY COMPANY<br>*Statutory Agent:*<br>CT Corporation System<br>4400 Easton Commons Way, Suite 125<br>Columbus, Ohio 43219<br><br>    Defendant. | CASE NO. CV 2018 03 0915<br><br>JUDGE AMY CORRIGALL Jones<br><br>**COMPLAINT WITH<br>JURY DEMAND<br>ENDORSED HEREON** |

## GENERAL ALLEGATIONS

1.  Plaintiffs Thomas Green and Valerie Green (hereinafter collectively known as "Plaintiffs") own the property located at 10830 Scranton Woods Trail, Newbury, Geauga County, Ohio 44065 (hereinafter known as the "Property").

2. Defendant Allstate Indemnity Company, aka Allstate Fire and Casualty Insurance Company, aka Allstate Insurance Company, aka Allstate Property and Casualty Insurance Company, aka Allstate Vehicle and Property Insurance Company, aka Allstate Northbrook Indemnity Company, aka Allstate Assurance Company (hereinafter "Defendant") insured Plaintiffs pursuant to policy number 000926834142 The policy covers the residential property for losses caused by windstorm. Plaintiffs are the Named Insured under the subject Policy. A copy of said policy, along with endorsements and declaration page, showing the coverages that Plaintiffs believe were in effect at the time of the covered loss, is attached hereto as Exhibit A.

3. On or around March 8, 2017, the Property suffered damage due to storm-related conditions.

4. After the loss, Plaintiffs submitted a claim to Defendant.

5. Plaintiffs fulfilled all its duties under the insurance contract.

6. Defendant has denied substantial coverage related to the damages subject of this suit associated with the Property and insurance policy at issue, despite clear photographic evidence to the contrary, through its Hudson, Summit County, Ohio claims office.

7. After receiving notice of loss resulting from the March 8, 2017 claim by Plaintiffs, Defendant has failed to timely and properly conduct an objective investigation.

8. Defendant did adjust, handle and/or investigate Plaintiffs' insurance claim in Summit County, Ohio. Defendant made its claims decision in Summit County, Ohio through a denial letter dated October 11, 2017 (attached as Exhibit B) with a physical address located in Hudson, Ohio; as such, this Court has jurisdiction over this matter.

## COUNT ONE
### Breach of Contract – Allstate Property and Casualty Insurance Company

9. Plaintiffs restate the above allegations in paragraphs 1-8.

10. Plaintiffs had a contract with Defendant on the day the loss occurred.

11. At all times, Plaintiffs fulfilled their duties under the contract.

12. Plaintiffs thereafter have fully complied with each and every term, condition, and provision of the policy of insurance on their part to be performed, within their control, and/or have been waived by Defendant, and/or Defendant is estopped from asserting those defenses in regards to the covered loss.

13. Defendant breached the insurance contract by failing to pay Plaintiffs the amount due under the insurance policy.

14. As a direct and proximate result of Defendant's breach of the insurance contract, Plaintiffs have been denied the policy benefits and coverage due under said insurance contract. As a further direct and proximate result of Defendant's breach of the insurance contract, Plaintiffs have suffered other reasonably contemplated damages.

15. Plaintiffs pray for judgment on this count in an amount <u>in excess of</u> twenty-five thousand dollars ($25,000.00), the exact amount to be determined by a jury at the trial of this matter, plus interest and costs as allowed by law.

## COUNT TWO
### Lack of Good Faith – Allstate Property and Casualty Insurance Company

16. Plaintiffs restate the above allegations in paragraphs 1-15.

17. Defendant, through its agents, attorneys, adjusters and investigators, breached its duty of good faith by failing to adjust and/or investigate Plaintiffs' claims with

reasonable justification.

18. Defendant, through its agents, attorneys, adjusters and investigators, breached its duty of good faith by intentionally refusing to adjust and/or investigate Plaintiffs' claims with reasonable justification.

19. In adjusting Plaintiffs' claim, Defendant, through its agents, attorneys, adjusters, and investigators, acted unreasonably, without reasonable justification, fraudulently, intentionally, recklessly, and/or not in good faith by, including but not limited to:

   a. Failing to conduct an adequate and complete investigation of the claim as required by *Zoppo v. Homestead Insurance Company* (1994), 71 Ohio St.3d 552;

   b. Failing to place the interests of Plaintiffs before its own, and Defendant used the advantage of its position to gain a benefit for itself, at Plaintiffs' expense;

   c. Hiring a non-independent investigator to investigate the claim;

   d. Forcing Plaintiffs to file suit to recover amounts due under the policy by refusing to pay all benefits due;

   e. Failing to comply with the requirements of OAC 3901-1-54, Unfair Property/Casualty Claims Settlement Practices;

   f. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

   g. Failing to comply with Defendant's own claim investigation standards and guidelines;

   h. unreasonably relied upon the opinions and/or findings of a forensic investigator hired by Defendant; and

   i. Attributing obvious wind damage to an exclusion.

20. Defendant, through its agents, attorneys, adjustors, and investigators, acted intentionally, willfully, wantonly, and with actual malice in refusing to pay the Plaintiffs' claim and delaying such payments. Among other actions, Defendant:

   a. Unreasonably delayed the investigation of the claim;

   b. Unreasonably retained outcome-oriented vendors to assist in the evaluation of the claim; and

   c. Unreasonably concluded that wind was not the dominant cause of the loss.

21. The actions and omissions of Defendant demonstrate malice, aggravated or egregious fraud, oppression, or insult and Defendant, as principal or master of its agents and adjusters, authorized, participated in, and ratified the actions or omissions of its agents and adjusters in this regard.

22. As a direct and proximate result of Defendant's lack of good faith, Plaintiffs suffered emotional distress and anxiety, inconvenience, increased loss of use, and economic harm, and has incurred litigation expenses and attorney's fees.

23. Plaintiffs pray for judgment on this count in an amount <u>in excess of</u> twenty-five thousand dollars ($25,000.00) in compensatory damages and an amount <u>in excess of</u> twenty-five thousand dollars ($25,000.00) in property damage, the exact amount to be determined by the trier of fact, plus interest, costs, and attorney's fees as allowed by law.

## COUNT THREE
**Punitive Damages—Allstate Property and Casualty Insurance Company**

24. Plaintiffs restate the above allegations in paragraphs 1-23.

25. The acts and omissions of Defendant concerning its treatment towards the Plaintiffs were outrageous, unreasonable, reckless, intentional, and/or malicious.

26. Plaintiffs are entitled to the maximum award of punitive damages allowed by law.

**WHEREFORE**, Plaintiffs Thomas Green and Valerie Green, demand judgment against Defendant Allstate Indemnity Company, aka Allstate Fire and Casualty Insurance Company, aka Allstate Insurance Company, aka Allstate Property and Casualty Insurance Company, aka Allstate Vehicle and Property Insurance Company, aka Allstate Northbrook Indemnity Company, aka Allstate Assurance Company, for compensatory damages in excess of Twenty-Five Thousand Dollars ($25,000), including, but not limited to, contractual damages, bad faith damages, mental anguish and suffering, economic loss, emotional distress and anxiety, inconvenience, increased loss of use, economic harm, litigation expenses, attorney's fees, costs, prejudgment interest, and punitive damages in excess of Twenty-Five Thousand Dollars ($25,000), including, but not limited to, bad faith damages, and for other costs, interest, expenses and attorney's fees as allowed by law and other relief as this court deems just.

Respectfully submitted,

**POUSOULIDES LAW OFFICES INC.**

*/s/ Dimitrios S. Pousoulides*
Dimitrios S. Pousoulides (0047093)
931 North Main Street – Suite 201
North Canton, Ohio 44720
P: (330) 499-4121
F: (330) 499-3804
E: dimitrios@bright.net

**WHETSTONE LEGAL, L.L.C.**

*/s/ Stephen G. Whetstone*
Stephen G. Whetstone (0088666)
WHETSTONE LEGAL, LLC
Post Office Box 6
2 N. Main St., Unit 2
Thornville, OH 43076

P: 740-785-7730
F: 740-205-8898
E: steve@whetstonelegal.com

*Attorneys for Plaintiffs*

## JURY DEMAND

Plaintiffs hereby request, pursuant to Civil Rule 38(B), a trial by jury of the issues of the within lawsuit.

/s/ *Dimitrios S. Pousoulides*
Dimitrios S. Pousoulides (0047093)

## INSTRUCTIONS FOR SERVICE

Pursuant to Civ. R. 4.1(A), please issue alias summons and complaint directed to this court for service by United States Mail by **CERTIFIED MAIL** on the Defendant making same returnable according to law at the address listed in the caption of the complaint.

/s/ *Dimitrios S. Pousoulides*
Dimitrios S. Pousoulides (0047093)